995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard William CLAXTON, Plaintiff-Appellant,
v.
STATE OF ARIZONA; et al., Defendants-Appellees. (Two Cases)
 Nos. 92-16324, 92-16326.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 4, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * In consolidated appeal no. 92-16324, Richard William Claxton, an Arizona state prisoner, appeals pro se the district court's order remanding his civil rights action to Arizona state superior court. The record shows the district court remanded the action for lack of jurisdiction because Claxton, the plaintiff, may not remove his own action from state court. See 28 U.S.C. §§ 1441(a), 1446(a) & (b); Okot v. Callahan, 788 F.2d 631, 633 (9th Cir.1986) (per curiam) (stating that "[r]emoval is available only to defendants"). The district court's order is therefore unreviewable by this court. See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1539 (9th Cir.1992) (order remanding case for lack of jurisdiction not reviewable on appeal or otherwise); Okot, 788 F.2d at 633 n. 2. Accordingly, we dismiss appeal no. 92-16324 for lack of jurisdiction.
 
 II
 
 3
 In consolidated appeal no. 92-16326, Claxton appeals pro se the district court's (1) dismissal of his 42 U.S.C. § 1983 action prior to service of process, and (2) denial of his motion for reconsideration. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 A. Dismissal of Action
 
 4
 We construe the district court's dismissal of Claxton's action prior to service of process as a dismissal pursuant to 28 U.S.C. § 1915(d), see Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989), and review for abuse of discretion, see Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 5
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Denton, 112 S.Ct. at 1733; Jackson, 885 F.2d at 640.
 
 
 6
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 7
 In his complaint, Claxton alleged he was placed in investigative lockup, removed from his housing unit, and removed from his prison job, all without due process. Claxton alleged that (1) his assignment to a higher security level housing unit was unwarranted given his public/institutional risk score, and (2) his housing assignment was based on false information in his prison record. Claxton is referring to a prison report that he had been involved in an escape plot. Claxton had sought to have the report removed from his record.
 
 
 8
 Claxton does not have a right under either the Constitution or Arizona law to work, see Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 845 (9th Cir.1985), or to remain in a particular housing unit, see Meachum v. Fano, 427 U.S. 215, 224 (1976); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986). Claxton's housing transfer and loss of employment claims therefore lack an arguable basis in law. See Neitzke, 490 U.S. at 325.[1]
 
 
 9
 Claxton's allegation that his record contained false information is based on his assertion that a prison investigative committee reviewed the escape allegations and found they stemmed from an unreliable source. An exhibit attached to Claxton's complaint shows, however, that prison officials reviewed Claxton's record at his request and did not find any report finding the escape allegations unreliable. In fact, another exhibit shows the source of the escape information had been found reliable on numerous other occasions. Accordingly, there appears to be no basis in fact for Claxton's false information claim. See Neitzke, 490 U.S. at 325.
 
 
 10
 The due process requirements for prison disciplinary hearings were set forth by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974). Among other things, a prisoner subject to disciplinary proceedings has a right to notice and an opportunity to be heard. Id. at 563-64; Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987) (per curiam), cert. denied, 487 U.S. 1207 (1988). Here, the only allegation that possibly raises a due process question is Claxton's claim that he was never informed of the reason for his first investigative lockup. Nevertheless, Claxton did not allege and there is otherwise no indication in his complaint that his lockup at that time was meant as punishment. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (holding that cell lockdown, by itself, is not actionable; but cognizable claim may be stated if lockdown is meted out as punishment). Claxton's other allegations show he was informed of the reason for his subsequent lockup, that he was given notice of the charges against him, and that he had ample opportunity for a hearing. Accordingly, Claxton's lockup claim lacks an arguable basis in fact. See Neitzke, 490 U.S. at 325.
 
 
 11
 Because Claxton's claims lack an arguable basis either in fact or in law, the district court did not err by dismissing Claxton's action before service of process. See id.[2]
 
 B. Denial of Reconsideration
 
 12
 We review for abuse of discretion the district court's denial of Claxton's motion for reconsideration. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991).
 
 
 13
 A motion for reconsideration may be brought either under Fed.R.Civ.P. 59(e) or 60(b). Id. Treating Claxton's motion as one brought under Rule 59(e), the district court did not err by denying the motion because Claxton did not raise any new issues of fact or law. See id. Claxton also was not entitled to relief under Rule 60(b) because none of the reasons for relief set forth in that rule apply in this case. See id.
 
 
 14
 Appeal no. 92-16324 is DISMISSED. In appeal no. 92-16326, the district court's orders are AFFIRMED.[3]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although it does not appear that Claxton was challenging his security classification, we note that the district court correctly determined that Claxton has no constitutional right to a particular security classification. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (no constitutional right under Due Process Clause as applied to states under fourteenth amendment to particular classification status)
 
 
 [2]
 In his appellate brief, Claxton contends he has met all the applicable filing requirements yet the defendants have failed to respond. The defendants were not required to respond because the complaint was dismissed before service of process
 
 
 [3]
 Claxton's requests for (1) an injunction against defendants to prevent reprisals against Claxton, (2) an order directing that Claxton be given dental and medical treatment, and (3) for appointment of counsel are denied