[Crim. No. 15044. In Bank. Jan. 14, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRYL THOMAS KEMP, Defendant and Appellant.

**COUNSEL**

Daniel N. Busby and Dwain Clark, under appointments by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Howard J. Schwab and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**—Darryl Thomas Kemp was convicted by a jury of first degree murder, kidnaping, and two counts of rape. The jury found him to have been sane at the time of the offenses and sentenced him to death for the murder. The judgment was affirmed. (*People* v. *Kemp* (1961) 55 Cal.2d 458 [11 Cal.Rptr. 361, 359 P.2d 913].) Thereafter, under the compulsion of *Witherspoon* v. *Illinois* (1968) 391 U.S. 510 [20 L.Ed.2d 776, 88 S.Ct. 1770], the judgment was vacated insofar as it imposed the death penalty and was affirmed in all other respects. (*In re Kemp* (1969) 1 Cal.3d 190 [81 Cal.Rptr. 609, 460 P.2d 481].) Upon retrial of the penalty issue, defendant's punishment was again fixed at death. The case is before us on automatic appeal. (Pen. Code, § 1239, subd. (b).)

In *People* v. *Anderson* (1972) 6 Cal.3d 628 [100 Cal.Rptr. 152, 493 P.2d 880] this court held the death penalty violated our state constitutional prohibition against cruel or unusual punishment. (Cal. Const., art. I, § 6.)[1] In *Furman* v. *Georgia* (1972) 408 U.S. 238 [33 L.Ed.2d 346, 92 S.Ct. 2726], the United States Supreme Court ruled that imposition of the death penalty in these circumstances contravened the federal Constitution. As defendant's death penalty must therefore be set aside, it is unnecessary to consider his challenges to the constitutionality of capital punishment.

In response to this court's invitation to state a claim under any applicable retroactive constitutional decision of the United States Supreme Court or of this court filed after affirmance of this judgment on the issue of guilt, defendant contends his extrajudicial statements were inadmissible under *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

Under *Johnson* v. *New Jersey* (1966) 384 U.S. 719 [16 L.Ed.2d 882, 86 S.Ct. 1772] the states are not bound to apply either *Escobedo* or *Miranda* to trials commencing prior to the dates those decisions were rendered. In *People* v. *Rollins* (1967) 65 Cal.2d 681, 683 [56 Cal.Rptr. 293, 423 P.2d 221] this court followed *Johnson* in limiting the operation of *Miranda* to trials beginning after 13 June 1966, the date of the *Miranda* decision and, since defendant's trial began in 1959, *Miranda* is clearly

---

[1]For the effect of article I, section 27 of the California Constitution on this issue, see *People* v. *Murphy* (1972) 8 Cal.3d 349, 352, footnote 2 [105 Cal.Rptr. 138, 503 P.2d 594].

inapplicable. (*People* v. *Terry* (1970) 2 Cal.3d 362, 384 [85 Cal.Rptr. 409, 466 P.2d 961].)

In *In re Lopez* (1965) 62 Cal.2d 368, 372 [42 Cal.Rptr. 188, 398 P.2d 380], however, this court held the principles established in *Escobedo* and explained in *Dorado* applicable in California to cases not "final" prior to 22 June 1964, the date of the *Escobedo* decision. (See *People* v. *Rollins, supra.*) We have adopted, for the purpose of applying the *Escobedo* holding, the definition of finality found in *Linkletter* v. *Walker* (1965) 381 U.S. 618, 622, footnote 5 [14 L.Ed.2d 601, 604, 85 S.Ct. 1731]: "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed . . . ." (*People* v. *Quicke* (1969) 71 Cal.2d 502, 509 [78 Cal.Rptr. 683, 455 P.2d 787]; *In re Spencer* (1965) 63 Cal.2d 400, 405 [46 Cal.Rptr. 753, 406 P.2d 33].)

In the present case the availability of appeal in this court was exhausted on 29 March 1961 when defendant's petition for rehearing was denied. (*People* v. *Kemp, supra,* 55 Cal.2d at p. 479.) The judgment became final on 4 December 1961 when the United States Supreme Court denied defendant's petition for writ of certiorari. (*Kemp* v. *California* (1961) 368 U.S. 932 [7 L.Ed.2d 194, 82 S.Ct. 359].)

When this court subsequently granted defendant's petition for writ of habeas corpus, it vacated the judgment only insofar as it related to the death penalty. (*In re Kemp, supra,* 1 Cal.3d at p. 196.) "The scope of this retrial is a matter of state procedure under which the original judgment on the issue of guilt remains final during the retrial of the penalty issue and during all appellate proceedings reviewing the trial court's decision on that issue. (See *In re Gaines* (1965) 63 Cal.2d 234 [45 Cal. Rptr. 865, 404 P.2d 473]; *In re Lopez, supra,* 62 Cal.2d 368, 370.)" (*People* v. *Jackson* (1967) 67 Cal.2d 96, 99 [60 Cal.Rptr. 248, 429 P.2d 600].)

■ Defendant also contends the evidence is insufficient to support the finding of first degree murder because the jury should have accorded greater weight to the testimony of defense experts than to prosecution experts on the question of defendant's mental capacity to form the intent to commit murder. When defendant made this argument in his initial appeal, we rejected his "frank suggestion that this court should reweigh the evidence." (*People* v. *Kemp, supra,* 55 Cal.2d at p. 471.) When defendant raised the same issue by petition for habeas corpus, we declined to permit him to "relitigate a factual issue determined adversely to him on

his direct appeal." (*In re Kemp, supra,* 1 Cal.3d at p. 196.) Because the arguments defendant now makes in support of this contention are precisely those rejected before, we again decline to consider them.

The judgment, insofar as it provides for the penalty of death, is modified to provide a punishment of life imprisonment and, as so modified, is affirmed. (*Furman* v. *Georgia* (1972) 408 U.S. 238 [33 L.Ed.2d 346, 92 S.Ct. 2726]; *People* v. *Anderson* (1972) 6 Cal.3d 628 [100 Cal.Rptr. 152, 493 P.2d 880].)

**McCOMB, J.**—For the reasons expressed in my dissenting opinion in *People* v. *Anderson,* 6 Cal.3d 628, 657 [100 Cal.Rptr. 152, 493 P.2d 880], I dissent from the modification of the judgment to provide a punishment of life imprisonment instead of death. (See Cal. Const., art. I, § 27.)