**Booker T. HILLERY, Jr.,
Petitioner-Appellee,**

v.

**Reginald PULLEY, Warden,
Respondent-Appellant.**

**No. 83–2017.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 1984.

Decided May 14, 1984.

Clifford Tedmon, Sacramento, Cal., for petitioner-appellee.

Willard F. Jones, William George Prahl, Deputy Attys. Gen., Sacramento, Cal., for respondent-appellant.

Before ANDERSON and SCHROEDER, Circuit Judges, and EAST,* District Judge.

In this matter, petitioner Booker T. Hillery, Jr., successfully challenged the constitutionality of his 1962 Kings County Superior Court judgment of conviction and sentence for the stabbing murder of a fifteen-year-old girl, in violation of California Penal Code § 187, by applying for a writ of habeas corpus in the District Court. The District Court granted the writ upon concluding that petitioner's conviction resulted from a denial of equal protection because black persons had been systematically excluded from selection to the Kings County grand jury for the years preceding his 1962 indictment.

We affirm upon the basis and for the reasons set forth in the excellent and extensive District Court opinion granting the application. *Hillery v. Pulley*, 563 F.Supp. 1228 (E.D.Cal.1983). *See also Hillery v. Pulley*, 533 F.Supp. 1189 (E.D.Cal.1982) (denial of government's motion to dismiss for failure to exhaust); *Hillery v. Sumner*, 496 F.Supp. 632 (E.D.Cal.1980) (denial of government's motion to dismiss for prejudicial delay).

The judgment of the United States District Court granting petitioner's application for writ of habeas corpus is AFFIRMED.

The matter is REMANDED to the District Court for issuance of the writ and other appropriate order.

The state may seek to recharge and try petitioner again by the procedure which conforms to constitutional requirements.

J. BLAINE ANDERSON, Circuit Judge, dissenting:

I respectfully dissent from the court's order affirming the district court.

In my view, petitioner has failed to exhaust his state remedies as required by 28

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

U.S.C. § 2254(b), *Picard v. Conner*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971), and *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The testimony of an expert "forensic actuary" presenting a new theory of statistical analysis is, in spite of the characterization by petitioner, new evidence that has not been presented to the state courts. This "new method" is new evidence supporting a new theory.

Nor do I agree that the affidavits of three witnesses establishing the competency of black persons to serve as grand jurors are properly characterized as "cumulative." The same may be said of the new census material.

Although petitioner's basic claim has remained the same, the evidentiary basis for that claim changed significantly in the present habeas corpus proceeding from that presented to the state courts years ago.

We should vacate the district court's order with instructions to dismiss the petition without prejudice.