**Justine Justus OKOT, Petitioner,**

v.

**William L. CALLAHAN, et al., Respondents.**

No. 85–3598.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 3, 1986 *.

Decided April 29, 1986.

---

* The panel is unanimously of the opinion that oral argument is not required in this case. Fed. R.App.P. 34(a).

Justine Justus Okot, Walla Walla, Wash., petitioner.

Robert C. Hargreaves, Asst. Atty. Gen., Olympia, Wash., for respondents.

Before GOODWIN, SCHROEDER, and FLETCHER, Circuit Judges.

PER CURIAM:

Justine Justus Okot appeals from a district court order dismissing his habeas petition without prejudice and denying his petition for removal. We affirm the dismissal of the habeas petition, but vacate the order denying the removal petition and remand to the district court to allow it to remand the case to state court.

## BACKGROUND

Okot brought a state habeas proceeding, asserting that he had not made a knowing and voluntary waiver of his rights when he pled guilty to a state arson charge. After some time had elapsed, he filed a petition

for removal of the case to federal court, apparently protesting delay in the state court proceeding. He also filed a paper in federal district court entitled "Motion for Writ of Habeas Corpus." The State of Washington filed motions to remand the case to state court and to dismiss the habeas petition. After considering the report and recommendations of a magistrate, the district court issued an order dismissing the habeas petition without prejudice until petitioner exhausted his state court remedies, and denying the petition for removal.

### DISCUSSION

Okot apparently is asserting that the district court erred in treating his motion as a petition for habeas corpus, insisting that it was part of his removal petition. *See* 28 U.S.C. § 1446(f). He does not appeal its dismissal on the merits. Since we find that the district court acted reasonably in treating the motion as an independent petition for habeas, we affirm the portion of the district court's order dismissing the habeas petition.

As to the other aspect of the order, denial of removal, we conclude that the district court should have remanded rather than denied removal. Removal is accomplished merely by the filing of a verified petition fulfilling the requirements of 28 U.S.C. § 1446. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). It is not necessary to secure an order from either the federal or state court to complete the removal. *Id.* There is no allegation in this case that the requirements were not met. The correct procedure for handling the case, if there was no jurisdiction for the removal, was to remand

the case to the state court. 28 U.S.C. § 1447(c). We vacate the portion of the order denying removal and remand to the district court in order that it may remand to the state court.[1]

The district court's rationale was nonetheless entirely proper.[2] Okot, as the petitioner in the state court proceeding, had no power to remove his own case. Removal is available only to defendants. 28 U.S.C. §§ 1441(c), 1442, 1443, 1446(c). *See In re Walker*, 375 F.2d 678 (9th Cir. 1967) (per curiam).

Okot argues that he is being threatened with deportation due to his conviction. He claims that this threat, in conjunction with the slowness with which his state habeas case is proceeding, has effectively placed him in the position of a defendant, and that he therefore is entitled to remove his case. We disagree. He initiated the case in state court. He cannot remove it.

This holding does not necessarily leave Okot remedyless. If he receives ineffective relief in state court because of unreasonable delay, he may file a habeas proceeding in federal court.[3] In such circumstances, federal habeas relief may well be available despite failure to exhaust state remedies. *Cook v. Florida Parole and Probation Commission*, 749 F.2d 678, 679 (11th Cir.1985); *cf. Gonzalez v. Stone*, 546 F.2d 807, 810 (9th Cir.1976). We therefore remand the case to the district court with instructions to remand to the courts of the State of Washington.

AFFIRMED in part, VACATED and REMANDED in part.

---

1. If the *denial* is treated as a *dismissal,* as we assume it would be, the state court would have no jurisdiction to proceed with the habeas petition.

2. If the district court had remanded the case, we would have no jurisdiction to review the order. Remand orders generally are not appealable. 28 U.S.C. § 1447(d). *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 276 (9th Cir.1984). We reach the merits in this case because the court denied removal rather than

remanding. *Cf. Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976) (jurisdiction where district court acting outside statutory authority by considering factors not relevant under § 1447(c)).

3. Okot insists that his petition for removal should not be treated as an independent petition for habeas corpus so we do not reach the merits of its dismissal in this proceeding.