62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry Dempsey McINTYRE, Petitioner-Appellant,
v.
Sherman HATCHER, Respondent-Appellee.
 No. 95-15098.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner, Jerry Dempsy McIntyre, appeals pro se the district court's dismissal without prejudice of his habeas corpus petition for failure to exhaust state remedies. McIntyre contends that the exhaustion requirement should be excused based upon unreasonable delay by the Nevada Supreme Court in the processing of his appeal. We have jurisdiction under 28 U.S.C. Sec. 2253, and affirm.
 
 
 3
 We review the dismissal of the petition de novo, see Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994), but apply the clearly erroneous standard to any findings of fact, see Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir. 1991).
 
 
 4
 Generally, a state prisoner must exhaust state remedies before federal courts will entertain the prisoner's habeas corpus petition. See 28 U.S.C. Sec. 2254(b), (c); Picard v. Connor, 404 U.S. 270, 275 (1971); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). Exhaustion may be excused, however, when excessive delay in obtaining an appeal constitutes a due process violation. Coe v. Thurman, 922 F.2d 528, 531 (9th Cir. 1990). Delay in processesing an appeal does not amount to a due process violation absent a showing of prejudice. See United States v. Tucker, 8 F.3d 673, 676 (9th Cir. 1993) (en banc) (noting that oppressive incarceration, anxiety and concern of prisoner, and impairment of prisoner's defense in case of retrial are focus of prejudice inquiry), cert. denied, 114 S. Ct. 1230 (1994).
 
 
 5
 The district court found that McIntyre failed to allege any prejudice from the delay in processing his state appeal. McIntyre did not show that his incarceration was unjustified or that he suffers more anxiety than other prisoners. Although he alleged that he has lost material witnesses, he did not name the witnesses or allege what evidence they could have given. Because we discern no clear error in the district court's finding that McIntyre suffered no prejudice from the state appellate delay, see id.; Thomas, 923 F.2d at 1364, McIntyre must exhaust his state remedies before petitioning the federal courts for relief, cf. Phillips v. Vasquez, 56 F.3d 1030, 1034-37 (9th Cir. 1995) (petitioner need not await outcome of pending state appeal of death sentence where petitioner attacks only his conviction in his federal habeas petition, petitioner's federal habeas claims have been exhausted, and extraordinary fifteen-year delay in state appellate proceedings renders state proceedings ineffective).
 
 
 6
 We also find no error in the district court's refusal to hold an evidentiary hearing for McIntyre's claim of prejudice, because his allegations did not specify the evidence he lost as a result of the delay. See Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.) (evidentiary hearing unnecessary where allegations are conclusory and lack specificity), cert. denied, 114 S. Ct. 2125 (1994).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3