78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Dean DELKER, Petitioner-Appellant,
v.
Manfred F. MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 95-35723.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Dean Delker, an Oregon state prisoner, appeals the dismissal of his 28 U.S.C. § 2254 habeas petition for failure to exhaust state remedies. The district court correctly dismissed the petition on the ground that even though Delker alleged he had presented his claim to the Oregon Supreme Court on direct appeal, his subsequent post-conviction petition raising the same claim still was pending before Oregon Court of Appeals. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983) (even though petitioner had presented claim regarding appointment of counsel on direct appeal to highest state court, state remedies were not exhausted because direct appeal was pending and might moot federal question); cf. Phillips v. Vasquez, 56 F.3d 1030, 1036-37 (9th Cir.) (claims regarding conviction exhausted because pending state appeal regarding sentence could not moot federal petition), cert. denied, 116 S.Ct. 683 (1995).
 
 
 3
 The parties note that the Oregon Court of Appeals denied Delker's post-conviction petition on August 16, 1995. Delker v. Maass, 901 P.2d 268 (1995) (unpublished decision). As of November 20, 1995, Delker had not petitioned for review by the Oregon Supreme Court. Thus, it appears Delker's post-conviction petition no longer prevents him from satisfying the exhaustion requirement. See Or.Rev.Stat. § 2.520 (35-day time limit for filing petition for review). We nonetheless decline to consider the merits of Delker's claim for the first time on appeal. See Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir.1984).
 
 
 4
 We VACATE the district court's judgment and REMAND for further proceedings consistent with this decision.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3