83 F.3d 430
 77 A.F.T.R.2d 96-1793
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ray WISHMAN; April Wishman, Plaintiffs-Appellants,
v.
Arnold D. WILEY; Thomas E. Ritter; Evelyn Kerbs; Jay
Hammer; Sharon Stobart; John A. Rigler; Wen Durand;
Millie McCauley; Harry Emmons; Chony A. Maxwell; Mark
Murray; William E. Beaman; Marie Dorsey; J.M. Wood; Lynn
Poll; Loretta Rodriquez, Defendants-Appellees.
 No. 95-35369.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ray and April Wishman ("Wishmans"), husband and wife, appeal the district court's Fed.R.Civ.P. 12(b)(6) dismissal of their action against various employees of the Internal Revenue Service ("IRS") and the Montana Department of Revenue alleging constitutional violations in connection with the assessment and collection of federal income taxes. We review de novo, Everest and Jennings v. American Motorists Ins., Co., 23 F.3d 226, 228 (9th Cir.1994), and we affirm.
 
 
 3
 The Wishmans contend that they are not required to pay federal income taxes, and that therefore, all actions taken by the defendants to collect the Wishman's outstanding federal income tax liability were "tortious." Specifically, the Wishmans contend that they are not required to pay federal income taxes because (1) no statute requires them to file a federal income tax return, (2) the federal income tax system is a voluntary system, and (3) the federal income tax is a indirect excise tax. These contentions are wholly without merit.
 
 
 4
 The Commissioner of Internal Revenue ("CIR") is statutorily authorized to impose an income tax on married individuals, such as the Wishmans, who are citizens of the United States. See 26 U.S.C. 1(a); United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of ... [an] income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens"). Every individual who is a citizen of the United States with income above a certain minimum level must file an income tax return. See 26 U.S.C. § 6012(a)(1). The federal income tax system is not a voluntary system, see Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1989), and the tax on income is not an excise tax, see United States v. Buras, 633 F.2d 1356, 1361 (9th Cir.1980). The Wishmans, as United States citizens, are taxpayers within the meaning of the Code and are subject to the federal tax laws and the income tax. See Nelson (In re Becraft), 885 F.2d at 548. Accordingly, the district court did not err by dismissing the Wishmans' amended complaint for failure to state a claim. See Jones v. Community Redevelopment Agency, 733 F.2d 644, 650-51 (9th Cir.1984) (dismissal without leave to file a second amended complaint proper when deficiencies could not be cured by amendment).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that the Wishmans' amended complaint can be construed to state a claim against the federal defendants pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), their action is foreclosed because Congress has provided a remedy for the type of IRS action of which the Wishmans complain. See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991). The Wishmans' amended compliant also fails to state a claim under 42 U.S.C. § 1983 because it does not allege that the individual state defendants violated any constitutional right. See West v. Atkins, 487 U.S. 42, 48 (1988)