**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS, | No. 04-99005 |
| Petitioner - Appellant, | D.C. No. CV-F-92-05167-REC |
| v. | Eastern District of California, Fresno |
| STEVEN W. ORNOSKI, Warden, | |
| Respondent - Appellee. | ORDER |

Before: REINHARDT, Circuit Judge

The California Attorney General's request for a forty-five day extension of time to file his answering brief is hereby GRANTED.

This is the second time that this court has granted the California Attorney General an extension of time to file an answering brief in this capital habeas appeal. The first extension was for sixty days. The California Attorney General will now have a total of 195 days to complete his brief. Compare 28 U.S.C. §2266(c)(1)(A), giving the federal court of appeals 120 days to hear and decide capital habeas corpus appeals if the Attorney General of the state requests and

receives certification under 28 U.S.C. §2265 that the state is in compliance with certain conditions.

The court is aware of the complexity involved in litigating a death penalty case, and it would appear that the current Attorney General of California is as well. The records are large, the issues are difficult, and the procedural posture is often complicated. It is understandable that attorneys working on both sides of death penalty cases often require a great deal of time to prepare adequately for these important and difficult appeals, and this court grants extensions with no reluctance. It is equally true that judges, no matter how diligent, frequently require a considerable amount of time to arrive at a final disposition of capital appeals.

In 1995, contrary to the normal rule in the federal courts, this court reversed the district court's dismissal of this petitioner's federal habeas petition and ordered the district court to hear the merits of his petition regarding his conviction, despite the fact that his direct appeal of his sentence had not yet been resolved by the California Supreme Court. We allowed the petitioner to proceed with his guilt phase constitutional claims because it had been fifteen years since his conviction and we anticipated further delay in the California court system before there was a final determination of his sentence. *Phillips v. Vasquez*, 56 F.3d 1030 (9th Cir.

1995).  Our action did not constitute a criticism of the California courts, but rather a recognition that death penalty cases are complicated and difficult and that state courts, including California's, often require a great deal of time to resolve them properly. Capital cases frequently are active in the state courts for many years before they reach the federal courts, where, contrary to public perception, they are ordinarily processed more quickly.  It would be a serious mistake to try to rush cases that implicate such important moral, social, and constitutional issues in either the state or federal court and to resolve them finally with less than full care and attention.

The court assumes that the Attorney General of the State of California also understands the difficulty and complexity of death penalty cases.  He no doubt recognizes that they may require much more judicial time than other cases, and that even the preparation of a single brief may take more time than the court itself would be afforded to consider and decide the entire appeal should he decide on behalf of the state to opt into the expedited procedure.  Under the circumstances, we have no qualms about granting the California Attorney General an extraordinary amount of time to prepare his brief in this or any other capital case.

MOTION GRANTED

3