WATFORD, Circuit Judge,
concurring in the judgment:
I agree that the judgment should be reversed, but not for the reasons given by the court.
My colleagues conclude that relief is precluded by Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which bars federal courts from applying “new rules of constitutional criminal procedure” to cases on collateral review. Beard v. Banks, 542 U.S. 406, 416, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (emphasis added). The Teague bar does not apply to new rules of substantive law. Schriro v. Summerlin, 542 U.S. 348, 352 n. 4, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004).
The rule announced by the district court, while undoubtedly “new” for Teague purposes, is substantive rather than procedural. The court held that the death penalty as administered in California constitutes cruel and unusual punishment and therefore violates the Eighth Amendment. In particular, the court concluded that the long delays between imposition of sentence and execution, resulting from systemic dysfunction in the post-conviction review process, combined with the low probability that an inmate sentenced to death will actually be executed, preclude the death penalty from serving any deterrent or retributive purpose. Jones v. Chappell, 31 F.Supp.3d 1050, 1053, 1062-65 (C.D.Cal.2014); see Glossip v. Gross, - U.S. -, 135 S.Ct. 2726, 2767-70, 192 L.Ed.2d 761 (2015) (Breyer, J., dissenting). The Supreme Court has held that capital punishment violates the Eighth Amendment if it does not fulfill those two penological purposes. Kennedy v. Louisiana, 554 U.S. 407, 441, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008). Thus, the effect of the district court’s ruling is to categorically forbid death as a punishment for anyone convicted of a capital offense in California. A rule “placing a certain class of individuals beyond the State’s power to punish by death” is as substantive as rules come. Penry v. Lynaugh, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).
I would reverse the district court’s judgment on a different ground. A federal court may not grant habeas relief unless the petitioner has first exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). Jones concedes he has not done that. He never presented the claim at issue here to the California Supreme Court to give that court an opportunity to rule on the claim in the first instance. Jones did present a so-called Lackey claim to the California Supreme Court, which asserted that the long post-conviction delay in Jones’ own case has rendered his death sentence cruel and unusual punishment. See Lackey v. Texas, 514 U.S. 1045, 115 S.Ct. 1421, 131 L.Ed.2d 304 (1995) (Stevens, J., respecting denial of *554 certiorari). But the claim on which the district court granted relief rests on a different set of factual allegations and a different legal theory. Presenting the Lackey claim to the California Supreme Court therefore did not satisfy the exhaustion requirement. See Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).
Jones contends that exhaustion should be excused here. The federal habeas statute provides just two scenarios in which a petitioner’s failure to satisfy the exhaustion requirement may be excused: (1) when “there is an absence of available State corrective process,” or (2) when “circumstances exist that render such process ineffective to protect the rights of the applicant.” 28 U.S.C. § 2254(b)(1)(B). Jones’ case does not fit within either of these exceptions. He does not dispute that he can file another habeas petition in the California Supreme Court to exhaust the claim at issue here, so the first exception doesn’t apply. And the second exception does not apply because Jones can’t show that filing a new habeas petition with the California Supreme Court would be ineffective to protect .his rights. If the court were to find Jones’ claim meritorious, it would be compelled to invalidate his death sentence, which is precisely the relief he seeks from the federal courts.
The district court nonetheless held that the corrective process available in the California Supreme Court is ineffective to protect Jones’ rights. The court reasoned that Jones’ claim is predicated on the already lengthy delays that exist in California’s post-conviction review process, so requiring him to suffer even further delay by returning to the California Supreme Court would simply compound the injury for which Jones seeks relief. 31 F.Supp.3d at 1067-68. The district court was mistaken. The claim at issue here does not turn on the post-conviction delay Jones has experienced in his own case. Jones’ claim would be just as meritorious (or not) whether the delay he experienced was 30 days or 30 years. As the district court noted, Jones’ claim is predicated on the view that “system-wide dysfunction in the post-conviction review process” leads to delays so lengthy that executions in California violate the Eighth Amendment. Id. at 1066 n. 19. The only relief Jones seeks on this claim is invalidation of his death sentence. There is no risk that he will be executed before the California Supreme Court could rule on the merits of his claim. Thus, requiring Jones to pursue the remedies available to him in the California Supreme Court, even if that results in some additional period of delay, does not render the state corrective process “ineffective.”
The cases on which Jones relies are distinguishable. In those cases the petitioners had actually presented their claims to the state courts in an attempt to satisfy the exhaustion requirement, but the state courts had not yet ruled despite lengthy and unreasonable delays that were prejudicing the petitioners’ rights. For example, in Phillips v. Vasquez, 56 F.3d 1030 (9th Cir.1995), the petitioner had received a final ruling from the California Supreme Court upholding the validity of his conviction. But the petitioner’s separate appeal challenging the validity of his death sentence remained pending, despite the fact that almost 15 years had passed since his trial ended, with no prospect that the California Supreme Court would issue a final ruling anytime soon. Id. at 1032. Given those circumstances, we held that the petitioner could pursue federal habeas relief on claims relating to his. conviction even though he had not yet exhausted available state remedies with respect to 'his sentence. The state court’s delay in issuing a final ruling was extraordinary, and the petitioner would be prejudiced by requiring *555 him to endure further delays, for if the challenges to his conviction proved meritorious he might be entitled to immediate release. Id. at 1033, 1035-36. Postponing review of his conviction-related challenges until his sentencing appeal was resolved could have forced him to endure years of additional unjust imprisonment.
Jones, by contrast, has not yet filed a new habeas petition with the California Supreme Court, so there is no delay in ruling on the petition that could be deemed extraordinary. And, for the reasons explained above, requiring Jones to endure some period of additional delay by returning to the California Supreme Court will not prejudice his rights, given the nature of the relief he seeks.
The majority opinion suggests that requiring exhaustion would be a futile exercise because the California Supreme Court recently rejected the same claim at issue here in a case on direct appeal, People v. Seumanu, 61 Cal.4th 1293, 1368-75, 192 Cal.Rptr.3d 195, 355 P.3d 384 (2015). Maj. op. at 545-46, 546. I am not convinced. The court in Seumanu did say that, assuming all of the facts presented to the district court in Jones’ case were true, it would not find the claim meritorious. 61 Cal.4th at 1375, 192 Cal.Rptr.3d 195, 355 P.3d 384. But the court sent conflicting signals on that score. It emphasized that its review of the claim was hamstrung by “the inadequate state of the record,” as the case was before the court on direct appeal “and review is limited to facts in the appellate record.” Id. at 1372, 192 Cal.Rptr.3d 195, 355 P.3d 384. And its rejection of the claim was hardly definitive. The court rejected it only for purposes of the direct appeal, and expressly stated that the claim “is more appropriately presented in a petition for habeas corpus, where a defendant can present necessary evidence outside the appellate record.” Id. at 1375, 192 Cal.Rptr.3d 195, 355 P.3d 384. Far from signaling that Jones’ filing of a new habeas petition raising the same claim would be futile, the court seemed to invite such a filing.
I would reverse the judgment on the ground that Jones’ claim remains unex-hausted, which precluded the district court from granting him relief on that claim.