**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS, Petitioner - Appellant, v. DAVE DAVEY, Warden, Respondent - Appellee. | No. 15-16361 D.C. No. 1:15-cv-00325-GSA ORDER and MEMORANDUM* |
| RICHARD LOUIS ARNOLD PHILLIPS, Petitioner-Appellant, v. DAVE DAVEY, Warden, Respondent. | No. 15-72096 |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 8, 2016[]
San Francisco, California

Before: WALLACE and GRABER, Circuit Judges, and LYNN,[***] Chief District Judge.

Petitioner Richard Phillips appeals from the district court's order dismissing his habeas corpus petition and declining to issue a certificate of appealability (Case Number 15-16361). He also requests permission to file a second or successive habeas petition if we affirm the district court's order (Case Number 15-72096). We review de novo the district court's order concluding that Phillips's habeas petition is second or successive. *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm the district court's order and deny Phillips's request to file a second or successive habeas petition.

Phillips argues that he filed his habeas petition under 28 U.S.C. § 2241, not § 2254, and, therefore, according to him, his petition is not second or successive (which would obviate any need for him to secure prior permission from us to file it). Phillips's argument is founded on the incorrect premise that he has no judgment

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, United States Chief District Judge for the Northern District of Texas, sitting by designation.

of conviction against him; but his convictions remain intact. *See Phillips v. Vasquez*, 56 F.3d 1030, 1033 n.1 (9th Cir. 1995) (holding that "a conviction for murder is a final judgment even when the death penalty sentence has been reversed and is not yet final" (citing *People v. Jackson*, 429 P.2d 600, 602 (Cal. 1967)). Thus, the district court correctly construed his petition under § 2241 as one under § 2254 since he is "in custody pursuant to the judgment of a State court."

Because Phillips's petition is correctly characterized as a § 2254 petition, the statute governing second or successive provisions applies. 28 U.S.C. § 2244(a). Phillips has previously challenged his convictions on habeas, so his current petition is second or successive. *Id.* Given that, Phillips was required to obtain our permission before filing the petition, which he did not do. *Id.* § 2244(b)(3)(A). Thus, the district court was required to dismiss the petition. *Id.* § 2244(b)(4).

Phillips argues that the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010), and our decisions in *Harrison v. Gillespie*, 640 F.3d 888 (9th Cir. 2011) (en banc), and *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012), allow him to relitigate the claims he made in his earlier habeas petitions. But we have no need to decide that issue here because currently there is no amended judgment in this case and thus the cases Phillips cites are inapposite.

Finally, Phillips requests leave to file his second or successive petition. We deny his request because he has not carried his statutory burden. *See* 28 U.S.C. § 2244(b)(3)(C).

**DISTRICT COURT'S JUDGMENT AFFIRMED (No. 15-16361); MOTION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE PETITION DENIED (15-72096)**