Filed 7/17/24  P. v. Ferreira CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097627 |
| Plaintiff and Respondent, | (Super. Ct. No. CM028215) |
| v. | |
| EDWARD PETER FERREIRA, JR., | |
| Defendant and Appellant. | |

Defendant Edward Peter Ferreira, Jr., appeals from resentencing under Penal Code[1] section 1172.75.  Defendant sought dismissal of various enhancements included in a combined aggregate sentence of 21 years eight months imposed for three cases.  In resentencing, the trial court dismissed two prior prison term enhancements made invalid

---

[1]     Undesignated statutory references are to the Penal Code.

1

by amendments to section 667.5, subdivision (b), but declined to dismiss any other enhancements.

Defendant contends the trial court abused its discretion under section 1385 in refusing to dismiss enhancements without making a finding that a resulting shorter sentence would endanger public safety. Defendant also contends that the trial court erred in not applying the changes made by Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Assembly Bill 333) to a gang enhancement.

We conclude the trial court properly applied section 1385. However, we agree that Assembly Bill 333 should have been applied and we vacate the gang enhancement. We remand the case to the trial court for resentencing under Assembly Bill 333. On remand, the prosecution may retry defendant on the gang enhancement. The judgment is otherwise affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2007, pursuant to a plea agreement, defendant was convicted in case No. CM026499 (assault of a peace officer case) of assault on a peace officer and sentenced to the upper term of nine years in prison, plus a three-year enhancement for personal infliction of great bodily injury.[2]

In February 2008, pursuant to a plea agreement, defendant was convicted in case No. CM028215 of possession of contraband in jail and sentenced to the middle term of eight months (one-third the middle term) in prison, plus two one-year prior prison term enhancements.

In July 2008, defendant was convicted after a court trial in case No. CM028707 (attempted criminal threats case) of attempted criminal threats and sentenced to four

---

[2] The judgment was affirmed in *People v. Ferreira* (June 10, 2009, C058264) [nonpub. opn.].

months (one-third the middle term) in prison, plus a gang enhancement of one year eight months and a five-year enhancement for a prior serious felony.

The total aggregate sentence imposed for all three cases was 21 years eight months.[3]

In May 2022, defendant filed a petition for resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483) (Stats. 2021, ch. 728, § 3), codified as section 1171.1,[4] to dismiss the prison prior enhancements imposed under section 667.5, subdivision (b). Defendant requested appointment of counsel. The trial court denied the petition, informing defendant that the petition must be filed by the Department of Corrections and Rehabilitation.

In July 2022, the trial court found that defendant had been convicted of an enhancement described in section 1172.75 and appointed defense counsel.

In October 2022, defense counsel filed a brief in support of recall and resentencing under section 1172.75. Defendant requested dismissal of the two prison prior enhancements made legally invalid by Senate Bill 483. Under section 1385, as amended by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721) (Senate Bill 81) and Senate Bill No. 1393 (2017-2018 Reg. Sess.),[5] defendant further requested dismissal of

---

[3]   An aggregate sentence of 22 years was affirmed in *People v. Ferreira* (Nov. 4, 2009, C060084) [nonpub. opn.] based on the original abstract of judgment reflecting an eight-month sentence for attempted criminal threats. On June 27, 2017, the trial court issued an amended abstract of judgment, imposing a four-month sentence for attempted criminal threats, yielding an aggregate sentence of 21 years eight months.

[4]   Effective June 30, 2022, section 1171.1 was renumbered as section 1172.75. (Assem. Bill No. 200) (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58, § 12.) We will refer to section 1172.75 throughout this opinion.

[5]   Effective January 1, 2019, Senate Bill No. 1393 (2017-2018 Reg. Sess.) amended sections 667, subdivision (a) and 1385, subdivision (b) to give a trial court discretion to

(1) the three-year great bodily injury enhancement imposed in the assault of a peace officer case and (2) the five-year prior serious felony enhancement and the gang enhancement of one year eight months, both imposed in the attempted criminal threats case. Defendant asserted that the following mitigating factors favored dismissal of these enhancements: (1) multiple enhancements were alleged and (2) the enhancements resulted in a sentence exceeding 20 years. (§ 1385, subd. (c)(2)(B), (C).) Lastly, under section 1170, subdivision (b)(6)(B), defendant requested imposition of the lower term in the assault of a peace office case because defendant was a youth under the age of 26 at the time of the crime.

In November 2022, the trial court conducted a hearing on defendant's request for resentencing.[6] Defense counsel submitted on the briefs without oral argument. The prosecution, on the other hand, offered oral argument to make a record of "the potential risks that [defendant] presents." The prosecution argued that defendant "has extensive indicators of violence. There was information that he would often carry what [it] would refer to as . . . Mag flashlights, larger flashlights with three or four D batteries in them. He would often carry them in his sleeve. There [were] indications of at least one other event where he engaged in assault with that type of flashlight." Referring to the assault of a peace officer, the prosecution argued defendant's practice was "obviously important in that case because the deputy was hit over the head and incapacitated. [¶] When the deputy was incapacitated, . . . [d]efendant then removed the deputy's firearm, a struggle ensued as the deputy awoke, and the deputy was shot. That shooting ended the deputy's

dismiss or strike a prior serious felony conviction. (Stats. 2018, ch. 1013; *People v. Garcia* (2018) 28 Cal.App.5th 961, 965.)

**6** At the outset of the hearing, the trial court stated that it had had "an opportunity to review both the request and the opposition filed by the [prosecution]." However, the record does not include the prosecution's opposition. In response to defendant's request to supplement the record on appeal, the clerk of the superior court filed a declaration stating that the court had no record of the prosecution's opposition.

career.  As a juvenile, . . . [d]fendant was talking about taking down a law enforcement officer, and that discussion happened years before [the deputy] was shot.

"There was also an indication that . . . [d]efendant had admitted assaulting another inmate, in [the] courthouse, in the holding cell.  He bragged to his mother that about a week before attacking the deputy, that [defendant] had planned to shoot the mother of his child, and that plan did not work out.  And according to [defendant], he almost shot two other people.

"While [defendant] was incarcerated in the Butte County jail, he was involved in a fight where he assaulted a correctional officer and broke the correctional officer's finger.  He then threatened to slash the throat of other correctional officers and threatened to go after other correctional officers' families."

The prosecution concluded:  "[A]s indicated in the [prosecution's] motion [*sic*], there's an old quote from Shakespeare, 'what's past is prologue.'  Clearly given his past violence, [the prosecution] [is] very concerned that [defendant] is very likely to engage in more violence in the future."  The prosecution added:  "[S]ince May of 2001, [defendant] has never -- has only been out of custody for about seven months, and . . . his record indicates he's very likely to engage in more violence when he is released and very likely to do that relatively shortly after his release."

In response to the trial court's inquiry, defense counsel stated he had nothing further to add.

The trial court ruled:  "I am declining to exercise my discretion by striking any enhancements but for the two prior prison terms.  I do find that to do so would not further the interest of justice.  Therefore, the request is denied as to striking any enhancement but for the two prior prison terms."

Defendant appeals.

DISCUSSION

I

*Dismissal Of Enhancements Under Section 1385*

Defendant contends that, under section 1385, the trial court erred in refusing to dismiss enhancements other than the prison prior enhancements because (1) of mitigating circumstances that there were multiple enhancements and the enhancements resulted in a sentence over 20 years, and (2) the trial court did not make an express finding that dismissal of the enhancements would endanger public safety. We disagree.

Effective January 1, 2022, Senate Bill 483 added section 1172.75 to the Penal Code, providing: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).) The resentencing process described in section 1172.75 begins with the Department of Corrections and Rehabilitation notifying the trial court of any person serving a prison term that includes a section 667.5 enhancement, which vests the court with jurisdiction to "resentence the defendant after verifying that his or her sentence includes a qualifying enhancement." (*People v. Kimble* (2024) 99 Cal.App.5th 746, 751, review granted Apr. 24, 2024, S284259; see § 1172.75, subds. (b), (c).) The statute further provides that, at resentencing, the trial court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Also effective January 1, 2022, Senate Bill 81 (Stats. 2021, ch. 721, § 1) amended section 1385 to add subdivision (c), which provides in relevant part that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) Subdivision (c)(2) further provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the

6

defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

Two of the mitigating factors enumerated in section 1385, subdivision (c)(2) are present here: (1) "Multiple enhancements are alleged in a single case" and (2) "[t]he application of an enhancement could result in a sentence of over 20 years." (§ 1385, subd. (c)(2)(B), (C).)

Defendant maintains that the trial court abused its discretion under section 1385 "by failing to apply the presumption favoring dismissal absent a finding that doing so would endanger public safety." Defendant acknowledges that there is a split in the appellate courts as to whether section 1385 creates a rebuttable presumption. Defendant insists that *People v. Walker* (2022) 86 Cal.App.5th 386, review granted March 22, 2023, S278309, has the better view. In *Walker*, the court said that the "mandate to 'afford great weight' to mitigating circumstances erects a rebuttable presumption that obligates a court to dismiss the enhancement unless the court finds that dismissal of that enhancement—with the resultingly shorter sentence—would endanger public safety." (*Id*. at p. 391.) However, in *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1096-1098, review granted April 12, 2023, S278894 (*Ortiz*), the court came to the opposite conclusion, finding that neither the language of section 1385 as amended nor the legislative history of Senate Bill 81 suggests an intent to create a rebuttable presumption requiring the trial court to find that dismissing an enhancement would endanger public safety in order to overcome the presumption.

We conclude that the court's reading of section 1385 in *Ortiz* was correct. As that court explained: "The plain language of section 1385[, subdivision] (c)(2) contemplates

7

the trial court's exercise of sentencing discretion, even as it mandates that the court give 'great weight' to evidence of enumerated factors." (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1096, rev. granted.) But "[i]nterpreting the statute, as the *Walker* court does [citation], to require the trial court to dismiss an enhancement absent a finding that dismissal would endanger public safety would divest the trial court of its ultimate discretion under the statute to determine what is in furtherance of justice, considering all relevant factors." (*Ortiz*, at p. 1098; see also *People v. Ponder* (2023) 96 Cal.App.5th 1042, 1052 [agreeing with *Ortiz* that "the court retains discretion under section 1385[, subdivision] (c)(2) to choose not to dismiss the enhancement in the furtherance of justice for reasons other than public safety"], review granted Jan. 10, 2024, S282925.)

Additionally, as disclosed by the legislative history of Senate Bill 81, a prior version of the bill included the language that defendant would read into the statute, calling for " 'a presumption that it is in furtherance of justice to dismiss an enhancement' that could only 'be overcome by a showing of clear and convincing evidence that dismissal of the enhancement would endanger public safety.' " (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1096, rev. granted.; see Sen. Bill 81, as amended Aug. 30, 2021; see also Sen. Rules Com., Off. Of Sen. Floor Analyses, Analysis of Sen. Bill 81, as amended Aug. 30, 2021, p. 2.) The language the Legislature ultimately approved deleted this requirement. (*Ortiz*, at pp. 1096-1097.) We decline to impose a statutory requirement that the Legislature chose to remove.

Here, while defendant's sentencing brief apprised the trial court of the applicable mitigation factors set forth in section 1385, subdivision (c)(2) favoring dismissal of the enhancements, at oral argument the prosecution explained defendant's history of violence that indicated he would endanger the public. On this record, we cannot say the trial court abused its discretion in declining "in furtherance of justice" to dismiss any enhancements other than the prior prison term enhancements rendered invalid by Senate Bill 483. (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1098, rev. granted.)

## II

### *Application Of Assembly Bill 333*

Effective January 1, 2022, Assembly Bill 333 amended section 186.22 regarding the showing necessary to prove gang offenses and enhancements. (Stats. 2021, ch. 699, § 3.) Assembly Bill 333 narrowed the definition of " 'criminal street gang' " (Stats. 2021, ch. 699, § 3; § 186.22, subd. (f)), modified the " 'pattern of criminal gang activity' " element of the gang enhancement (Stats. 2021, ch. 699, § 3; § 186.22, subd. (e)), and clarified that to "benefit, promote, further, or assist" a gang "means to provide a common benefit to members of a gang where the common benefit is more than reputational" (Stats. 2021, ch. 699, § 3; § 186.22, subd. (g)).

Defendant contends that the changes made to section 186.22 by Assembly Bill 333 apply retroactively to vacate the gang enhancement imposed in the attempted criminal threats case and require remand to the trial court. The parties agree that Assembly Bill 333 applies to nonfinal judgments (see *People v. Tran* (2022) 13 Cal.5th 1169, 1207), but disagree whether the judgment in the attempted criminal threats case was nonfinal. Defendant argues that recall and resentencing under section 1172.75 rendered the judgment nonfinal. The People counter that only the sentence was nonfinal, but the gang enhancement allegations found true by the trial court were final. We review questions of retroactivity de novo. (*In re David C.* (2020) 53 Cal.App.5th 514, 519.)

As a preliminary matter, defendant acknowledges that defense counsel failed to raise Assembly Bill 333 below. If the claim was forfeited on appeal, defendant argues he received ineffective assistance of counsel. (See *Strickland v. Washington* (1984) 466 U.S. 668, 686-688.) As we cannot conceive a strategic reason for the omission, we exercise our discretion to address the merits of defendant's argument and thereby forestall an ineffective assistance claim. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 400.)

This court has considered the retroactive application of Assembly Bill 333 in an analogous context. In *People v. Trent* (2023) 96 Cal.App.5th 33, review granted

9

December 20, 2023, S282644, we held that resentencing under section 1172.6 rendered a gang offense nonfinal for purposes of retroactive application of Assembly Bill 333's amendments to section 186.22. (*Trent*, at pp. 41-44; accord, *In re A.M.* (2024) 102 Cal.App.5th 557, 569; see also *People v. Mitchell* (2023) 97 Cal.App.5th 1127, 1140-1141, review granted Feb. 21, 2024, S283474 ["we hold that [the defendant] is entitled to the benefits of Assembly Bill 333, and we reject [the People's] assertion that the issue of [the defendant's] guilt is final even though the validity of [the defendant's] sentence is still being adjudicated"]; *People v. Salgado* (2022) 82 Cal.App.5th 376, 380-381 [holding that Assem. Bill 333 applies during § 1172.1 resentencing]; *People v. Sek* (2022) 74 Cal.App.5th 657, 664, 667 [holding that Assem. Bill 333 applied retroactively on resentencing].)

However, in *People v. Lopez* (2023) 93 Cal.App.5th 1110, 1120, review granted November 15, 2023, S281488, the court concluded that on resentencing, while the "defendant's conviction was nonfinal, and therefore the law that applied to his case on remand included Assembly Bill 333," "on remand, the trial court had no jurisdiction to readjudicate the gang enhancements." *Trent* and *Mitchell* rejected *Lopez*'s reasoning, including its reliance on a passage from our Supreme Court's decision in *People v. Padilla* (2022) 13 Cal.5th 152, that the People rely on here, as well. In *Padilla*, our high court held that a judgment becomes final when the time for a petition for certiorari has elapsed. (*Id*. at p. 162.) "But once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*Id*. at p. 163.) Thus, an appeal from resentencing "is part of [a] direct review of a nonfinal judgment." (*Ibid*.) Our high court then said the following: "[T]he Attorney General argues that vacatur of a defendant's sentence 'does not allow a resentencing court to consider new claims or affect any part of the judgment other than the sentence.' But the right and remedy we recognize today does not allow [the defendant] to raise claims unrelated to his sentence. . . . He must receive a transfer

10

hearing in a juvenile court, where the court will decide whether criminal adjudication is appropriate for the murder of his mother and conspiracy to kill his stepfather. *Whatever potential that hearing may have for reducing his punishment (the nonfinal part of his judgment), it does not authorize or constitute relitigation of guilt.*" (*Id*. at pp. 169-170, italics added.)

In *Lopez*, the majority interpreted this passage, which that court acknowledged was dicta, to mean that a "judgment" is made up of a guilt component and a sentence component. (*People v. Lopez*, *supra*, 93 Cal.App.5th at pp. 1116-1119, rev. granted.) In other words, when a sentence is vacated, only the *sentence* portion of the judgment becomes nonfinal. (*Ibid*.) The majority concluded that a trial court resentencing a defendant lacks jurisdiction to apply Assembly Bill 333, which would require relitigation of guilt. (*Lopez*, at p. 1120.)

In *Trent*, this court explained that the passage from *Padilla* served "to allay concerns that the defendant in that case would request a new adjudication of his guilt in the juvenile court itself and was not intended to divorce the court's retroactivity analysis from instances in which the retroactive relief would result in a more favorable sentence because the underlying change required reversal of a count of conviction for possible retrial." (*People v. Trent*, *supra*, 96 Cal.App.5th at p. 43, rev. granted; accord, *In re A.M.*, *supra*, 102 Cal.App.5th at p. 569 [citing *Trent*].) In a similar vein, the court in *Mitchell* "d[id] not read *Padilla* as creating bifurcated judgments in the manner" suggested by *Lopez*. (*People v. Mitchell*, *supra*, 97 Cal.App.5th at p. 1140, rev. granted.)

Lastly, the People rely on *People v. Wilson* (2023) 14 Cal.5th 839, a death penalty case, for the conclusion "that guilt and punishment are untethered when retroactively applying new laws to final judgments." However, the court's statements in *Wilson* are dicta regarding whether a conviction is nonfinal for purposes of a direct appeal under section 1172.6, subdivision (g) challenging that conviction based on changes made to the

11

murder statutes by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015). (*Wilson*, at pp. 868, 870.)

Moreover, the court in *Wilson* relied on *People v. Jackson* (1967) 67 Cal.2d 96, which "explained that when a penalty phase judgment alone is reversed, 'the original judgment on the issue of guilt remains final during retrial of the penalty issue and during all appellate proceedings reviewing the trial court's decision on that issue.' " (*People v. Wilson*, *supra*, 14 Cal.5th at pp. 870-871, quoting *Jackson*, at p. 99.) As *Lopez* acknowledged, *Jackson* was arguably overruled by *Padilla*. (*People v. Lopez*, *supra*, 93 Cal.App.5th at p. 1117 & fn. 3, rev. granted.) *Lopez* further acknowledged that our Supreme Court in *People v. McKenzie* (2009) 9 Cal.5th 40, 46 held that " 'there is no "judgment of conviction" without a sentence.' " (*Lopez*, at p. 1117.) In sum, *Padilla* held that vacatur of the sentence renders the judgment nonfinal and *McKenzie* held that a judgment includes both the conviction and the sentence. This authority compels us to conclude that defendant's judgment was rendered nonfinal by his recall and resentencing under section 1172.75. Thus, we hold that the amendments to section 186.22 made by Assembly Bill 333 apply retroactively to defendant's case.

We vacate the gang enhancement under the law as amended by Assembly Bill 333. The prosecution may retry the gang enhancement if it chooses to do so. (*People v. Sek*, *supra*, 74 Cal.App.5th at pp. 669-670.)

## DISPOSITION

The gang enhancement under section 186.22 imposed in case No. CM028707 is vacated and the case remanded for resentencing consistent with this opinion.  On remand, the prosecution shall have the option to retry defendant on the gang enhancement.  The judgment is otherwise affirmed.

/s/

ROBIE, Acting P. J.

We concur:

/s/

DUARTE, J.

/s/

WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13